**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | C.A. No.: N23C-02-129 ASB |
| | ) | |
| LIMITED TO: | ) | ASBESTOS |
| | ) | |
| LADONNA SUE BRAXTON, | ) | JURY TRIAL DEMANDED |
| Individually and as Independent | ) | |
| Executrix of the Estate of MARVIN | ) | |
| JERRY BRAXTON, JR., deceased | ) | |
| | ) | |

*ORDER*

*Upon Consideration of Plaintiff's Opposition to Defendant J-M Manufacturing Company, Inc.'s Motion for Summary Judgment on the Insufficiency of Plaintiff's Expert Reports*
**DENIED.**

Submitted: September 12, 2024
Decided: October 8, 2024

This 8th day of October 2024, upon consideration of J-M Manufacturing Company, Inc.'s ("J-M") Motion for Reargument and Plaintiff's Response, it appears to the Court that:

1. On August 28, 2024, this Court issued a decision in this asbestos case denying Summary Judgment to J-M. J-M moved for summary judgment arguing that Plaintiff's expert reports were insufficient to meet the stringent causation standard under Texas law. This Court found that Plaintiff's expert, Kenneth Garza's report, was sufficient to meet the Texas standard. Specifically, this

1

Court found that under the unique circumstances of this case that Plaintiff did not have to calculate the aggregate dose of asbestos from all products and that the epidemiological studies in Garza's reports were sufficiently similar to form a reliable basis for Garza's opinion.

2. In this Court's August 28 ruling, the Court found that Texas law does not require an aggregate or cumulative exposure calculation in all cases, even where there is exposure from multiple sources. J-M takes issue with this ruling maintaining that the Court has overlooked Texas law on this point and that Texas law requires an aggregate dose calculation in every case where there are multiple exposures.

3. The purpose of moving for reargument to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court over looks a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[2] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3] To the extent the parties asserted issues that were not raised in the submissions in support of summary judgment

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).
[2] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).
[3] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

motions, new arguments may not be presented for the first time in a motion for reargument.[4]

4. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

THEREFORE, Defendant's Motion for Reargument is **DENIED.**

**IT IS ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones Jr., Judge

cc:   Original to the Prothonotary
Adam Balick, Esquire
Bartholomew J. Dalton, Esquire

---

[4] *Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).